**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kimberley Rae NEWBURY,**
**Defendant–Appellant.**

**No. 15–30073.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed Feb. 29, 2016.

Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, Timothy John Racicot, Assistant U.S., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Michael Donahoe, Esquire, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

**MEMORANDUM ***

Kimberley Rae Newbury appeals from the district court's order granting her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Newbury contends that the district court erred by declining to reduce her sentence further based on the substantial assistance she previously provided and her post-sentencing rehabilitative efforts. We review for abuse of discretion, *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir.2013), and find none. The court considered Newbury's arguments in support of a 143–month sentence, as well as the 18 U.S.C. § 3553(a) sentencing factors, and reasonably concluded that a 156–month sentence was warranted in light of the serious nature of Newbury's offense and the amount of drugs involved. *See id.* at 1159. Contrary to Newbury's suggestion, her prior substantial assistance did not require the district court to grant a greater reduction. *See* U.S.S.G. § 1B1.10 cmt. n. 3 (in a case in which the defendant provided substantial assistance, the court may impose a sentence below the amended Guideline range, but it retains the discretion to determine whether to do so and, if so, to what extent).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Newbury's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.